IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JACOB L.,[1]<br><br>                      Plaintiff,<br><br>   vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>                      Defendant. | Case No. 3:22-cv-00136-RRB<br><br>**ORDER REMANDING<br>FOR FURTHER PROCEEDINGS**<br>**(Docket 10)** |

## I. INTRODUCTION

Claimant, Jacob L., filed an application for Social Security Disability Insurance benefits alleging disability beginning February 28, 2018.[2] His date last insured is December 31, 2022.[3] Claimant has exhausted his administrative remedies and seeks relief from this Court. He argues that the determination by the Social Security Administration ("SSA") that he is not disabled, within the meaning of the Social Security

---

[1] Plaintiff's name is partially redacted pursuant to Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States. *See* Memorandum, Committee on Court Administration and Case Management of the Judicial Conference of the United States (May 1, 2018), *available at* https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] Tr. 78, 266.

[3] Tr. 77, 320. The ALJ opinion indicates the date last insured as December 31, 2023. Tr. 23.

Act ("the Act"),[4] is not supported by substantial evidence and that the Administrative Law Judge ("ALJ") committed legal errors. Disability is defined in the Act as:

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.[5]

The Act provides for the payment of disability benefits to individuals who have contributed to the social security program and who suffer from a physical or mental disability.[6] Specifically:

> An individual shall be determined to be under a disability only if his . . . impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.[7]

Claimant seeks a reversal of the decision by the SSA and a remand for calculation of benefits.[8] A decision by the Commissioner to deny disability benefits will not be overturned unless it either is not supported by substantial evidence or is based upon

---

[4] 42 U.S.C. § 423; 42 U.S.C. § 1381.
[5] 42 U.S.C. § 423(d)(1)(A).
[6] 42 U.S.C. § 423(a).
[7] 42 U.S.C. § 423(d)(2)(A).
[8] Docket 10.

*Jacob L. v. Kijakazi* Case No. 3:22-cv-00136-RRB
Order Remanding for Payment of Benefits Page 2
Case 3:22-cv-00136-RRB   Document 12   Filed 04/12/23   Page 2 of 11

legal error.[9] "Substantial evidence" has been defined by the United States Supreme Court as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[10]

For the reasons set forth below, Claimant's Motion for Remand at **Docket 10** is **GRANTED in part,** the Commissioner's final decision is **VACATED,** and the case is **REMANDED** to the SSA for further proceedings.

## II. DISCUSSION

### A. The ALJ Decision

The Commissioner has established a five-step process for determining disability within the meaning of the Act.[11] A claimant bears the burden of proof at steps one through four in order to make a *prima facie* showing of disability[12] If a claimant establishes a *prima facie* case, the burden of proof then shifts to the agency at step five.[13] The ALJ hearing was held on March 8, 2021.[14] The ALJ took testimony from Claimant, as well as non-examining medical expert James Haynes, and vocational expert K. Diane Kramer.[15] The ALJ did not call a psychiatric expert.

---

[9] *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (citing *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990)).
[10] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).
[11] 20 C.F.R. § 404.1520(a)(4).
[12] *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1096 n.1 (9th Cir. 2014) (quoting *Hoopai v. Astrue*, 499 F.3d 1071, 1074–75 (9th Cir. 2007)); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).
[13] *Treichler*, 775 F.3d at 1096 n.1.
[14] Tr. 43.
[15] Tr. 49–52; 68–75.

*Jacob L. v. Kijakazi*     Case No. 3:22-cv-00136-RRB
Order Remanding for Payment of Benefits     Page 3
Case 3:22-cv-00136-RRB     Document 12     Filed 04/12/23     Page 3 of 11

Applying the five-step process, the ALJ's written decision concluded that: **Step 1**, Claimant had not engaged in substantial gainful activity since February 28, 2018, his alleged onset date; **Step 2**, Claimant suffered from severe impairments, including obstructive sleep apnea, migraine headaches, Meniere's disease, and obesity; and **Step 3**, Claimant's severe impairments did not meet any medical listings.[16]

Before proceeding to step four, a claimant's residual functional capacity ("RFC") is assessed. RFC is the most someone can do despite their mental and physical limitations.[17] In determining a claimant's RFC, the ALJ must base findings on "all of the relevant medical and other evidence," including a claimant's testimony regarding the limitations imposed by his impairments.[18] This RFC assessment is used at both step four and step five.[19] In evaluating his RFC, the ALJ concluded that Claimant had the capacity to perform a full range of work at all exertional levels with non-exertional limitations including: "no climbing ladders, ropes, or scaffolds; avoidance of all unprotected heights; and avoidance of concentrated exposure to hazardous machinery."[20] At **Step 4**, the ALJ found that Claimant could perform his past relevant work as a corrections officer, probation officer, and security guard.[21] Accordingly, the ALJ did not reach **Step 5**.

---

[16] Tr. 24–27.
[17] *Berry v. Astrue*, 622 F.3d 1228, 1233 (9th Cir. 2010); 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).
[18] 20 C.F.R. § 404.1545(a)(3).
[19] 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).
[20] Tr. 28.
[21] Tr. 33.

*Jacob L. v. Kijakazi*                                                                                          Case No. 3:22-cv-00136-RRB
Order Remanding for Payment of Benefits                                                            Page 4
Case 3:22-cv-00136-RRB     Document 12     Filed 04/12/23     Page 4 of 11

In reaching her decision, the ALJ summarized the medical records.[22] She noted numerous instances where Claimant showed "totally normal" or generally unremarkable medical test results, despite his complaints of neuropathy, carpal tunnel, a periodic limp, generalized weakness, and difficulty ambulating. She observed that after ear surgery, his vertigo had improved, and that in March 2019 he reported that his migraine headaches were under control and his Meniere's disease was thought to be in remission.[23] She acknowledged a tremor (brought on medication), and a diagnosed "functional gait disorder"[24] which, in addition to Claimant's obesity, justified balancing limitations, but not other exertional limitations related to standing, walking, or sitting.[25] The ALJ relied upon evidence in the record that Claimant did not have a neurological basis for a Parkinson's disease diagnosis, and that at least one examining physician indicated that Claimant was malingering.[26]

### B. Issues on Appeal

Claimant argues that the ALJ's decision is not supported by substantial evidence and that the ALJ committed legal errors in denying him benefits. Specifically, he contends that the ALJ erred in determining his RFC and in finding his testimony inconsistent with the evidence, and argues that he should be deemed disabled at Step 3

---

[22] Tr. 28–33.
[23] Tr. 30.
[24] Tr. 29.
[25] Tr. 30–31.
[26] Tr. 32.

*Jacob L. v. Kijakazi*                                                            Case No. 3:22-cv-00136-RRB
Order Remanding for Payment of Benefits                  Page 5
Case 3:22-cv-00136-RRB    Document 12    Filed 04/12/23    Page 5 of 11

because he meets a listed impairment.[27] Specifically, Claimant alleges that he is disabled due to a somatic symptom disorder. Somatic symptom disorders:

> are characterized by physical symptoms or deficits that are not intentionally produced or feigned, and that, following clinical investigation, cannot be fully explained by a general medical condition, another mental disorder, the direct effects of a substance, or a culturally sanctioned behavior or experience. These disorders may also be characterized by a preoccupation with having or acquiring a serious medical condition that has not been identified or diagnosed. Symptoms and signs may include, but are not limited to, pain and other abnormalities of sensation, gastrointestinal symptoms, fatigue, a high level of anxiety about personal health status, abnormal motor movement, pseudoseizures, and pseudoneurological symptoms, such as blindness or deafness.[28]

1.  **Expert testimony regarding physical impairments**

The ALJ relied significantly on non-examining medical expert Dr. James Haynes's testimony and opinion that Claimant did "not meet or equal the severity requirements of any listing impairment."[29] Moreover, the ALJ found that Dr. Haynes "based his opinion on a cumulative review and synthesis of the medical evidence," and found nothing "that would call Dr. Haynes's opinion and testimony into question."[30] Dr. Haynes acknowledged that Claimant "probably" suffered from a functional movement disorder, but noted that that was a psychological diagnosis,[31] and while there was no *neurological* listing that was met or equaled, "[t]here may well be a *psychological* listing

---

[27] Docket 10 at 9–15.
[28] § 12.00B6.
[29] Tr. 28.
[30] Tr. 32.
[31] Tr. 51–52.

*Jacob L. v. Kijakazi*     Case No. 3:22-cv-00136-RRB
Order Remanding for Payment of Benefits     Page 6
Case 3:22-cv-00136-RRB    Document 12    Filed 04/12/23    Page 6 of 11

that is met or equaled but I would not like to opine on psychological listings."[32] However, no psychological expert witness was present at the hearing.

### 2. Listing 12.07 somatic symptom and related disorders

Claimant argues that the ALJ erred when she overlooked his somatic symptom disorder at Step 2, and then failed to consider the associated listing at Step 3.[33] Specifically, Claimant argues that his somatic symptom disorder meets listing 12.07, which requires a showing of both paragraphs A and B:

> A. Medical documentation of <u>one</u> or more of the following:
>
> 1. Symptoms of altered voluntary motor or sensory function that are not better explained by another medical or mental disorder;
>
> 2. One or more somatic symptoms that are distressing, with excessive thoughts, feelings, or behaviors related to the symptoms; or
>
> 3. Preoccupation with having or acquiring a serious illness without significant symptoms present.
>
> AND
>
> B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:
>
> 1. Understand, remember, or apply information.
>
> 2. Interact with others.
>
> 3. Concentrate, persist, or maintain pace.

---

[32] Tr. 50.
[33] Docket 10 at 9–15. Alternatively, Claimant correctly argues that even if his somatic symptom disorder was not "severe," that the limitations of non-severe conditions should be included in the RFC. Docket 10 at 7.

4. Adapt or manage oneself.

With respect to subpart A, Claimant argues that his diagnosed functional movement disorder, which the ALJ repeatedly references,[34] satisfies these criteria. Moreover, Claimant continues to be treated for Parkinson's disease, despite lacking clinical findings of the disease.[35] With respect to subpart B, Claimant argues that the medical records show "marked or extreme limitations" in both subparts B1 (understand, remember, or apply information) and B4 (adapt or manage himself).[36]

### 3. Failure to develop the record

The ALJ acknowledged at the hearing that medical records suggested that Claimant's condition may be psychological rather than physical.[37] The ALJ further noted a lack of psychological treatment records. But although Claimant's attorney informed the ALJ that Claimant "has finally gotten in to see a psychologist,"[38] the ALJ agreed to keep the record open after the hearing *only* for the records from the upcoming initial visit. She declined to keep it open "indefinitely . . . because I need to make a decision."[39] "I can't leave the case open for years on end for you to build a medical record for your psychological issues."[40]

---

[34] Tr. 24, 27, 32–33.
[35] Docket 10 at 15.
[36] Docket 10 at 14, citing Tr. 980–81, 1152-55, 1175–76.
[37] Tr. 59.
[38] Tr. 48.
[39] Tr. 48.
[40] Tr. 60.

But the ALJ has a duty to develop the record "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."[41] "The ALJ always has a 'special duty to fully and fairly develop the record and to assure that the claimant's interests are considered . . . even when the claimant is represented by counsel.'"[42] Moreover, the medical expert, Dr. Haynes, specifically noted that "[t]here may well be a *psychological* listing that is met or equaled but I would not like to opine on psychological listings."[43] Dr. Haynes's hunch was supported by the records of Claimant's Speech-Language Pathologist, who opined that "the severity, longevity, and apparent progression of his deficits with executive function, attention, short term memory, and problem-solving are consistent with a poor prognosis for successful return to work in any capacity."[44] The treating provider further opined that Claimant "would require extensive training and supervision to cognitively manage an unskilled job," and that Claimant was not a good candidate for vocational rehabilitation.[45] The ALJ did not reference these records. The ALJ's refusal to keep the record open for consideration of Claimant's psychological treatment records was harmful error, particularly in light of the medical expert's testimony that a psychological listing may have been met.

---

[41] *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001).
[42] *Celaya v. Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003) *(*citing *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)).
[43] Tr. 50.
[44] Tr. 1155.
[45] *Id*.

## C. Instructions on Remand

A decision of the Commissioner to deny benefits will not be overturned unless it either is not supported by substantial evidence or is based upon legal error. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. This Court concludes that the ALJ's decision denying disability benefits to Claimant was not supported by substantial evidence for the reasons discussed in this Order.

When a district court finds error in an ALJ's decision, the court may remand the case for additional evidence or remand for payment of benefits.[46] In determining whether the case should be remanded for further proceedings, the court should assess whether those proceedings would be useful and whether outstanding issues are unresolved.[47] Further proceedings are useful when conflicts or ambiguities in the record must be resolved.[48] Here, the lack of psychological treatment records to support the finding that Claimant meets a psychological listed impairment precludes this Court from remanding for benefits. Rather, this matter is remanded for further proceedings.

Upon remand, the ALJ is instructed to:

    1.    Develop the record to include Claimant's psychiatric treatment records; and

---

[46] *Trevizo v. Berryhill*, 870 F.3d 664, 682 (9th Cir. 2017).
[47] *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1099, 1105 (9th Cir. 2014).
[48] *Id.* at 1101.

*Jacob L. v. Kijakazi*      Case No. 3:22-cv-00136-RRB
Order Remanding for Payment of Benefits     Page 10
Case 3:22-cv-00136-RRB   Document 12   Filed 04/12/23   Page 10 of 11

      2.      Specifically consider Claimant's somatic symptom disorders pursuant to listing 12.07, and any other relevant medical or psychiatric listings.

## III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Claimant's motion at **Docket 10** is **GRANTED** and this matter is **REMANDED** for further proceedings in accordance with this opinion.

IT IS SO ORDERED this 12th day of April, 2023, at Anchorage, Alaska.

                          */s/ Ralph R. Beistline*
                          RALPH R. BEISTLINE
                          Senior United States District Judge

*Jacob L. v. Kijakazi*                                                                Case No. 3:22-cv-00136-RRB
Order Remanding for Payment of Benefits                                   Page 11
Case 3:22-cv-00136-RRB   Document 12   Filed 04/12/23   Page 11 of 11